UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN K BOROWSKI, JR,

            Plaintiff,

v.                                                 Case No. 22-cv-0394-bhl

ALLY FINANCIAL INC,

            Defendant.

---

## ORDER GRANTING MOTION TO DISMISS

---

As part of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, Congress amended the Fair Credit Reporting Act (FCRA) to prevent an anticipated nationwide credit score collapse. Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, §4021, 134 Stat. 424 (2020); 15 U.S.C. §1681s-2(a)(1)(F). The newly added Section 1681s-2(a)(1)(F) required furnishers to report as current the accounts of consumers afforded accommodations because of the COVID-19 pandemic, even if the accommodations involved temporary deferral or forbearance. *Pro se* Plaintiff John K. Borowski Jr. alleges that Defendant Ally Financial, Inc. (Ally) violated this provision when it offered him a forbearance on his car loan but later reported the loan as delinquent anyway. He brings claims under both the CARES Act and the FCRA. Ally has moved to dismiss for failure to state a claim. Because neither the CARES Act nor the FCRA create a private right of action for aggrieved consumers like Borowski, that motion will be granted.

## FACTUAL BACKGROUND[1]

On February 3, 2016, John Borowski borrowed $15,364 from Ally Financial, Inc. to purchase a 2015 Chevrolet Cruze. (ECF No. 1 ¶3.) Pre-pandemic, he timely paid down over half of the balance and anticipated remitting the remaining $6,868.65 by February 15, 2022. (*Id.*) But as it did to so many others, COVID-19 upended Borowski's best laid plans. Self-employed in a field deemed non-essential, his finances took a major hit, and he no longer had the funds to

---

[1] These facts are derived from Borowski's complaint, ECF No. 1, the allegations in which are presumed true when considering a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007).

continue paying off his loan.  (*Id.* ¶4-5.)  He proactively contacted Ally, which transferred his call to Indonesian representatives who led him to believe he had been approved for a temporary forbearance.  (*Id.* ¶5.)

Sometime thereafter, Borowski received a notice stating that his loan was delinquent.  (*Id.* ¶8.)  Ally's customer service operation had no explanation for this.  (*Id.*)  Not wanting to jeopardize his credit, Borowski made a $4,325 payment to bring his loan current as soon as he received his pandemic assistance money.  (*Id.* ¶10.)  Despite this, on October 29, 2020, Ally mailed Borowski a letter listing his balance as $6,868.65 and stating that his loan was now charged off.  (*Id.*)  Borowski also discovered that his credit report listed the loan as charged off.  (*Id.* ¶12.)  Ally refused numerous requests to correct these inaccuracies.  (*Id.*)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff['s] favor."  *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)).  A complaint will survive if it "state[s] a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

In its motion to dismiss, Ally argues that Borowski lacks standing to prosecute his case because neither statute he relies on creates a private right of action for consumers.  (ECF No. 14 at 5-6.)  Borowski's extremely late response asks the Court to find a private right of action under the CARES Act and suggests an alternative basis for his claims pursuant to the FCRA.  (ECF No. 15 at 4, 7.)  The Court declines the invitation to create a remedy for Borowski by legislating from the bench.  It will also reject his attempt to amend his complaint through his response brief.  His case is, therefore, dismissed, though he will be permitted an opportunity to amend his complaint to state a claim under the FCRA.

**I.**     **Borowski Lacks a Private Right of Action.**

   **a. Section 1681s-2(a) of the FCRA Does Not Create a Private Right of Action.**

Without a private right of action, a litigant does not have standing to maintain a lawsuit.  *See City of Evanston v. Reg'l Transp. Auth.*, 825 F.2d 1121, 1123 (7th Cir. 1987).  And "[l]ike

substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Thus, if a statute lacks any indicia of Congressional intent to create a private right of action, a court cannot spin one out of thin air. *See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1015 (2020).

Courts have had years to ponder whether Section 1681s-2(a) of the FCRA creates a private right of action, and they have concluded that it does not. *See Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011) (Section 1681s-2(a) "does not create a private right of action"); *Walton v. EOS CCA*, 885 F.3d 1024, 1029 (7th Cir. 2018) ("[T]he FCRA does not provide a private right of action for violations of § 1681s-2(a)(1)(A)."). The statute's plain language puts these conclusions beyond question. *See* 15 U.S.C. §1681s-2(d) (Violations of Section 1681s-2(a) "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title."). Borowski's complaint seeks to hold Ally liable under Sections 1681s-2(a)(1)(A) and (B). (ECF No. 1 ¶¶20-24.) That is not his prerogative. He cannot maintain his FCRA claim.

Borowski accepts this conclusion but argues that his claims are allowed under Section 1681s-2(b). (ECF No. 15 at 6-7.) Section 1681s-2(b) imposes a duty to reinvestigate on an entity who "receive[s] notice from a credit reporting agency that the information it has provided is in dispute." *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 922 (N.D. Ill. 2000). Thus, to state a claim under Section 1681s-2(b), a plaintiff must at least allege that he notified a credit reporting agency of his dispute with the furnishing entity. *See Ori v. Fifth Third Bank*, 603 F.Supp.2d 1171, 1174 (E.D. Wis. 2009). In *Ori*, this Court distinguished the case before it from *Lang v. TCF National Bank*, 249 F.App'x 464 (7th Cir. 2007) where the Seventh Circuit held the plaintiff had stated a claim under the FCRA because he alleged that he notified his credit reporting agency even though he did not allege that the agency then contacted the furnisher. *Id.* Like the plaintiff in *Ori*, Borowski's complaint never alleges that he alerted a credit reporting agency of his dispute with Ally. Thus, even if he had cited Section 1681s-2(b) in his complaint, Borowski would not have stated a claim under the provision.

### b. Section 4021 of the CARES Act Does Not Create a Private Right of Action.

Borowski's other claim in this case arises under Section 4021 of the CARES Act, which amends Section 1681s-2(a) of the FCRA. (*Id.* ¶¶13-19.) Theoretically, Congress might have used Section 4021 to create a private cause of action to enforce specific provisions of the FCRA. But

there is no evidence that it did so. Myriad district courts have already rejected the existence of a private right of action within the CARES Act. *See Graham v. Payne*, No. 3:21-CV-888 DRL-MGG, 2022 WL 815138, at *2 (N.D. Ind. Mar. 17, 2022) (collecting cases). And, importantly, Section 4021 merely appends a new provision to 1681s-2(a). It does not alter Section 1681s-2(d), which consigns enforcement of 1681s-2(a) to federal and state agencies and officials. Accordingly, there is no new legislative intent from which to fashion a private right of action.

## II. Borowski Will be Afforded Leave to Replead.

Courts should normally permit *pro se* plaintiffs at least one opportunity to amend their complaints and perfect their claims, unless amendment would prove futile. *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1022-23 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Because Borowski could conceivably replead with allegations that he notified a credit reporting agency of his dispute with Ally, it is not impossible to imagine that an amended complaint might state a claim under 15 U.S.C. Section 1681s-2(b). The Court will therefore dismiss Borowski's complaint without prejudice and with leave to replead.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Ally Financial, Inc.'s Motion to Dismiss, ECF No. 13, is **GRANTED**, and the complaint is **dismissed**.

**IT IS FURTHER ORDERED** that, should Borowski wish to file an amended complaint, he must do so on or before **April 3, 2023**.

Dated at Milwaukee, Wisconsin on March 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge